ALTENBERND, Judge,
concurring.
The state filed an information against George Nelson Megee for aggravated assault with a firearm. On August 26, 1995, Randy Johns, the victim, accompanied by his two children, was driving a four-wheel-drive pickup truck in Golden Gate Estates to assess flooding caused by summer storms. He drove his truck onto Mr. Megee’s flooded acreage, and Mr. Megee “defended” his property with a shotgun. Mr. Megee stopped Mr. Johns, removed him from his truck, and clearly placed him in fear. Fortunately, the victim and his children were able to leave and no one was hurt.
Prior to trial, the state offered to resolve this case if Mr. Megee would plead guilty to aggravated assault in exchange for a withheld adjudication and probation. This plea would have avoided the three-year minimum mandatory term of incarceration. Mr. Me-gee rejected this offer and went to trial, where a jury found him guilty as charged. As a result, this middle-aged man with no prior record, who was employed and supporting his wife as well as his mother and aunt, is now incarcerated for three years. Mr. Me-gee’s conduct was criminal and should not be excused, but I share the trial judge’s concern that a mandatory sentence of incarceration may not be the ideal method to punish this man.
I concur in the affirmance because there is no reversible error. It appears, however, that Mr. Megee may have rejected the state’s offer because his trial attorney believed that Mr. Megee had the right to defend his property with the use of a firearm pursuant to section 810.09(2)(c), Florida Statutes (1995). This statute generally allows a landowner to take an armed trespasser into custody until the police arrive. There was no evidence at trial that Mr. Johns was armed with a firearm or other dangerous weapon when he trespassed on Mr. Megee’s flooded property. Thus, this statute does not help Mr. Megee. If Mr. Megee’s decision to reject the state’s offer was based on incorrect legal advice from his trial attorney concerning his right to defend his property with a firearm, it is possible that he may be entitled to obtain postconviction relief.